IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR
## COMPLAINT AND ARREST WARRANT

I, Joan V. Matos-Kemp, being first duly sworn, do hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a United States Postal Inspector with the United States Postal Inspection Service ("USPIS") assigned to the San Juan Field Office. The USPIS has employed me in the Miami Division's San Juan Field Office since June of 2025, and I have been a sworn law enforcement officer since 2023. As a Postal Inspector, I am qualified to investigate the misuse of the postal system, including the trafficking of narcotics and illegal firearms using the U.S. Mail. Additionally, I am authorized by law or by a government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws. I am currently assigned to the USPIS Contraband Interdiction and Investigation ("CI2") Team, where I am primarily responsible for investigations involving the illegal use of the U.S. Mail in the trafficking of narcotics and firearms. As a result, I have conducted investigations involving the transportation of firearms and controlled substances, as well as those involving proceeds derived from the distribution of firearms and controlled substances via the U.S. Mail, in violation of 18 U.S.C. §§ 922 (a)(1)(A) and (a)(3), and 1715, and 21 U.S.C. §§ 841 (a)(1), 843(b), and 846. As a Postal Inspector, I have also worked on investigations involving the use of the United States Postal Service (USPS) to launder and smuggle currency derived from specified unlawful activities, including narcotics distribution, in violation of 18 U.S.C. §§ 981, 982, 1956, and 1957, as well as 31 U.S.C. § 5325. Furthermore, I have participated in various interdiction operations targeting parcels containing illegal firearms, narcotics, and the proceeds thereof.

1

2.    This affidavit contains information necessary to support probable cause for an arrest warrant and criminal complaint for Javier M. Cardona-Torres ("**CARDONA-TORRES**"). Beginning on a date unknown, but not later than April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, CARDONA-TORRES, the defendant herein, did knowingly and intentionally, combine, conspire, and agree with others persons, known and unknown to the United States, to possess with intent to distribute a detectable amount of 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II, Narcotic Drug Controlled Substance, all in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(vi), and 846.

3.    Furthermore, on or about April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, **CARDONA-TORRES**, the defendant herein, did knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vi), and 846.

4.    Because this affidavit is submitted for the limited purpose of demonstrating probable cause, I have not included each and every fact observed by me or known to the government concerning this investigation.  I have set forth only the facts believed necessary to establish probable cause that **CARDONA-TORRES** committed violations of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vi), and 846.

## PROBABLE CAUSE

5.    On April 24, 2026, USPS Priority Mail Parcel 9505 5141 0377 6111 1835 74, hereinafter the "Subject Parcel", was removed from the mail stream by Postal Inspectors in San Juan, PR.  The label on the Subject Parcel depicted return information as "Jose Torres, 7612 Merlin Ct, Rancho Cucamonga, CA 91730", and was addressed to: "Javier M Cardona Torres, URB Villa Madrid, W9 Calle 15, Coamo, PR 00769".

6.    On April 27, 2026, Inspectors executed Federal Search Warrant 26-365(M) for the Subject Parcel. The Subject Parcel contained approximately 1.100 Kg of a compressed white powdery substance which field tested positive for Fentanyl.

2

7. On April 27, 2026, the Honorable Hector Ramos-Vega, U.S. Magistrate Judge issued: (1) an anticipatory search warrant, Case No. 26-371 (M), authorizing a search of the residence at URB Villa Madrid, W9 Calle 15, Coamo, PR 00769, hereinafter "Target Residence" upon the Subject Parcel being delivered to an individual and having it placed inside the Target Residence; and (2) a warrant order authorizing placement of GPS and beeper devices inside the Target Parcel, Case No. 26-372 (M).

8. On April 28, 2026, U.S. Postal Inspection Service personnel executed a controlled delivery operation. In preparation for the controlled delivery operation, Postal Inspectors removed the controlled substance, replaced it with an inert substance (Sham), and repackaged the USPS parcel using the same materials found inside the Target Parcel to ensure it kept the exact characteristics as it was mailed. The repackaging was done this way to avoid raising suspicion among the intended recipients. The USPS Parcel itself was known to law enforcement as evidence of a crime, so in accordance with Tracking Warrant Order 26-372(M), a GPS tracking device was placed inside the Target Parcel to ensure its recovery.

9. On April 28, 2026, at approximately 12:47 PM, an undercover U.S. Postal Inspector, acting in an official capacity and dressed as a postal carrier, delivered the Target Parcel to Javier M. **CARDONA-TORRES** from hereinafter **"CARDONA-TORRES,"** at the Target Residence. **CARDONA-TORRES** accepted the Subject Parcel and brought it inside the residence, thereby satisfying the triggering condition of the anticipatory search warrant.

10. Shortly thereafter, Drug Enforcement Administration ("DEA") Special Agents executed the anticipatory search warrant at the residence. During the execution of the warrant, Special Agents knocked on the door of the Target Residence. They yelled "Police" and observed CARDONA-TORRES running away towards the back of the Target Residence through a window. They proceeded to break into the door, and upon entry, DEA agents observed CARDONA-TORRES inside a bathroom of the Target Residence in possession of a portion of the white powdery substance consistent with the sham material used in the controlled delivery. Additionally, there was also a white powdery substance on the floor near the bathroom. Agents also observed remnants of packaging materials consistent with those used to conceal the contents of the Target Parcel inside the toilet. They also noticed that he attempted to flush the Tracking Device, but agents recovered it.

3

11. Following the execution of the warrant, CARDONA-TORRES was advised of his Miranda rights in Spanish and agreed to speak with law enforcement. During a post-Miranda interview, DEA personnel advised CARDONA-TORRES that flushing the contents could have posed a threat of death to the occupants of the Target Residence.  In response, CARDONA-TORRES stated, in substance and in part, "Fentanyl is different now; it doesn't kill people anymore." CARDONA-TORRES admitted he was offered $800.00 to receive the parcel. He was asked whether he knew the parcel contained drugs, and CARDONA-TORRES gestured an affirmative with his head.  He also stated that he has received 2 or 3 parcels but did not open them. Investigators asked CARDONA-TORRES why he opened the Target Parcel, but he remained silent.

## **CONCLUSION**

12. Beginning on a date unknown, but not later than April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, Javier M. CARDONA-TORRES, the defendant herein, did knowingly and intentionally, combine, conspire, and agree with others persons, known and unknown to the United States, to possess with intent to distribute a detectable amount of  400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II, Narcotic Drug  Controlled Substance, all in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A)(vi), and 846.

13. Furthermore, on or about April 28, 2026, in the District of Puerto Rico, and within the jurisdiction of this Court, Javier M. CARDONA-TORRES, the defendant herein, did knowingly and intentionally attempt to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II, Narcotic Drug Controlled Substance, in violation of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vi), and 846.

14. Because this affidavit is submitted for the limited purpose of demonstrating probable cause, I have not included each and every fact observed by me or known to the government concerning this investigation.  I have set forth only the facts believed necessary to establish probable cause that **CARDONA-TORRES** committed violations of 21 U.S.C. §§ 841(a) & (b)(1)(A)(vi), and 846.

15. I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Joan V. Matos-Kemp
U.S. Postal Inspector
U.S. Postal Inspection Service

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone in San Juan, Puerto Rico, on April 28, 2026 at 6:35 p.m.

_____
Hon. Hector Ramos-Vega
United States Magistrate Judge
District of Puerto Rico